GERTRUDE DEVINE ET UX., PLAINTIFFS, v. WILLIAM F. MASSAPUST ET UX., DEFENDANTS.

---

ELLA DEVINE, BY NEXT FRIEND, PLAINTIFF, v. WILLIAM F. MASSAPUST ET UX., DEFENDANTS.

---

ALBERTA DEVINE ET UX., PLAINTIFFS, v. WILLIAM F. MASSAPUST ET UX., DEFENDANTS.

Argued May 3, 1927—Decided November 23, 1927.

**Negligence—Injury Caused by An Automobile Collision—Testimony Showed That Car Belonged to Defendant Wife, and That it was Being Used by Defendant Husband in His Own Business and Against the Instructions of the Wife—Rule Made Absolute as to Wife, Dismissed as to Husband.**

On rule, &c.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiffs, *William H. Osborne*.

For the defendants, *Edwards & Smith*.

Supreme Court—Devine v. Massapust.

PER CURIAM.

These three suits were brought to recover damages for personal injuries, and damages to an automobile.

They grew out of an automobile collision on April 5th, 1926, at the intersection of Washington and South streets, Elizabeth, New Jersey.

The cases were tried together resulting in verdicts for the plaintiffs. The defendant obtained rules to show cause and writes down four reasons for a new trial in each case, which are identical.

Only one of the reasons calls for any discussion, viz., the court refused to direct a verdict for the defendant Frieda Massapust when requested so to do.

The undisputed testimony shows that the defendants' automobile that was in the collision was owned by the defendant Frieda Massapust, and at the time, it was being driven by her husband, William F. Massapust, on a trip to White Sulphur Springs, New York, to see his brother. The defendant Frieda Massapust told him not to take the automobile, but to go by train. She did not know that he had taken the automobile until the following Tuesday—the accident happened on Monday.

This brings the case squarely within the ruling of *Doran* v. *Thomsen,* 76 *N. J. L.* 754; that was a case of father and daughter. This is a case of husband and wife. And the cases of *Lynch* v. *Zeilenbach,* 4 *N. J. Mis. R.* 97; *Eldridge* v. *Calhoun,* 95 *N. J. L.* 168.

The rules in each case are made absolute as to Frieda Massapust and discharged as to William F. Massapust.